IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LOURDES CHUN, ) | CIVIL NO. 11-00179 JMS/RLP |
| ) | |
| Plaintiff, ) | ORDER (1) GRANTING |
| ) | DEFENDANT BENEFICIAL |
| vs. ) | FINANCIAL I INC.'S MOTION TO |
| ) | DISMISS; (2) DISMISSING OTHER |
| ACCREDITED HOME LENDERS, ) | CLAIMS; AND (3) GRANTING |
| INC.; BENEFICIAL FINANCIAL I ) | LEAVE TO AMEND |
| INC.; DEUTSCHE BANK TRUST ) | |
| COMPANY AMERICAS dba ) | |
| DEUTSCHE BANK TRUST ) | |
| NATIONAL TRUST COMPANY; ) | |
| JOHN DOES 1-10; JANE ROES 1-10; ) | |
| DOE CORPORATIONS, ) | |
| PARTNERSHIPS AND OTHER ) | |
| ENTITIES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER (1) GRANTING DEFENDANT BENEFICIAL FINANCIAL I INC.'S MOTION TO DISMISS; (2) DISMISSING OTHER CLAIMS; AND (3) GRANTING LEAVE TO AMEND**

**I. INTRODUCTION**

On March 18, 2011, Plaintiff Lourdes Chun ("Plaintiff") filed this action alleging claims against Defendants Accredited Home Lenders, Inc. ("Accredited"), Beneficial Financial I Inc. ("Beneficial"), and Deutsche Bank Trust Company America dba Deutsche Bank Trust National Trust Company ("Deutsche Bank") (collectively, "Defendants"), for violations of the Truth in Lending Act

("TILA"), the Real Estate Settlement Procedures Act of 1974 ("RESPA"), the Fair Credit Reporting Act ("FCRA"), the Equal Credit Opportunity Act ("ECOA"), and various state law claims stemming from a mortgage transaction concerning real property located at 594 Komo Ohia Street, Wailuku, Hawaii 96793 (the "subject property").

Currently before the court is Beneficial's Motion to Dismiss, in which it argues that the Complaint fails to state a cognizable claim. For the reasons set forth below, the court GRANTS the Motion and dismisses the Complaint with leave to amend as to certain claims. Given obvious defects as to all Defendants, the dismissal is as to all claims against all Defendants.

## II. BACKGROUND

**A. Factual Background**

The allegations of the Complaint tell a disjointed series of events in non-linear fashion, making it difficult to discern the basis of Plaintiff's claims. Piecing together the allegations,[1] the court gleans the following:

On September 27, 2005, Plaintiff signed a mortgage on the subject

---

[1] In her Opposition, Plaintiff asserts several additional facts and/or theories for relief. The court's review of the allegations for a Motion to Dismiss, however, is limited to the allegations in the Complaint and any judicially-noticed facts.

property in favor of Accredited to secure a $364,500 loan. Beneficial Ex. A.[2]

Although not completely clear, it appears that Plaintiff took this mortgage to purchase the subject property. Compl. ¶ 8.

The Complaint asserts that in consummating the loan, Accredited allegedly (1) failed to provide Plaintiff with a completed, signed and dated copy of the application; (2) overstated Plaintiff's income on the loan application to increase Plaintiff's chance of qualifying for a loan; (3) did not explain the terms of the loan to Plaintiff; (4) failed to provide Plaintiff initial loan disclosures or a signed and dated good faith estimate; and (5) failed to qualify Plaintiff as being able to afford the loan over the life of the loan. *Id.* ¶¶ 12-17. Although the Complaint fails to explain Beneficial and Deutsche Bank's relationship to the transaction, Plaintiff further asserts that Defendants failed to provide Plaintiff initial or final truth in lending documents as well as various other documents. *Id.* ¶¶ 19-24. Accredited and Beneficial also allegedly (1) failed to disclose that Plaintiff could compare loan terms with other lenders; (2) failed to provide Plaintiff sufficient time to compare loan terms with other lenders; (3) failed to disclose Plaintiff's consumer rights or

---

[2] Beneficial requests the court to take judicial notice of the mortgage and notice of foreclosure, and in response Plaintiff argues that the documents are in dispute. Given that the mortgage and notice of foreclosure are public documents, the court takes judicial notice of them. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (providing that a court may "take judicial notice of matters of public record outside the pleadings and consider them for purposes of a motion to dismiss") (quotations omitted).

the interest rates that Plaintiff would have to pay over the lifetime of the loan; and (5) failed to inform Plaintiff that Defendants did not follow reasonable underwriting guidelines and that the loan would be securitized.  *Id.* ¶¶ 26-31.

Despite the Complaint's allegations that Beneficial and Deutsche engaged in misconduct in the consummation of the mortgage loan, the Complaint also alleges that the loan and/or mortgage were subsequently transferred to Beneficial and/or Deutsche such that it is unclear precisely what role they played in the original transaction.  *Id.* ¶ 32.

Plaintiff suffered financial hardship and sought modification of the loan.  *Id.* ¶¶ 34-35.  Although Plaintiff was led to believe that she would qualify for a loan modification, Defendants sought foreclosure.  *Id.* ¶¶ 36.  The Complaint alleges that "Defendant" failed to negotiate in good faith and allow Plaintiff time to receive a loan modification.  *Id.* ¶¶ 37-38.

**B.     Procedural Background**

On March 18, 2011, Plaintiff filed this action.  The Complaint alleges claims titled (1) Violation of Statutory Duties (Count I); (2) Fraud (Count II); (3) Mistake (Count III); (4) Unconscionability (Count IV); (5) Unfair and Deceptive Practices (Count V); (6) Breach of Fiduciary Duty (Count VI); (7) Failure to Act in Good Faith (Count VII); (8) Injunctive Relief (Count VIII);

(9) Recoupment (Count IX); (10) Unjust Enrichment (Count X); and

(11) Negligent and/or Intentional Infliction of Emotional Distress ("NIED" and/or "IIED") (Count XI).

On May 5, 2011, Beneficial filed its Motion to Dismiss. Plaintiff filed an Opposition on July 8, 2011, and Beneficial filed a Reply on July 18, 2011. Pursuant to Local Rule 7.2(d), the court determines this Motion without a hearing.

### III. STANDARDS OF REVIEW

**A. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 1950.

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); *see also Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that a district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).

**B.     Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Rule 9(b) requires particularized allegations of the

6

circumstances *constituting* fraud." *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc) (emphasis in original), *superseded on other grounds by* 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. *Id*. (citation and quotation signals omitted). Where there are multiple defendants, a plaintiff cannot "lump multiple defendants together" and instead must "differentiate their allegations [between defendants]." *Destfino v. Kennedy*, 630 F.3d 952, 958 (9th Cir. 2011) (citation omitted). However, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b); *see also In re GlenFed, Inc. Sec. Litig*, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir. 1973) (Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a

motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982).

## IV.  **DISCUSSION**

The allegations and claims in this Complaint mirror those brought by Plaintiff's counsel in several other cases in this District, all of which have been dismissed for failure to state a claim. *See, e.g.*, *Rymal v. Bank of Am.*, 2011 WL 1361441 (D. Haw. Apr. 11, 2011) (dismissing similar complaint); *Casino v. Bank of Am.*, 2011 WL 1704100 (D. Haw. May 4, 2011) (similar complaint); *Letvin v. Amera Mortg. Corp.*, 2011 WL 1603635 (D. Haw. Apr. 27, 2011) (similar complaint); *Enriquez v. Aurora Loan Servs., LLC*, 2011 WL 1103809 (D. Haw. Mar. 22, 2011) (dismissing complaint and issuing order to show cause what sanctions should not issue against Plaintiff's counsel).  Indeed, in detailed orders, this court has dismissed several similar Complaints brought by Plaintiff's counsel. *See, e.g.*, *Cootey v. Countrywide Home Loans, Inc.*, 2011 WL 2441707 (D. Haw. June 14, 2011); *Rey v. Countrywide Home Loans, Inc.*, 2011 WL 2160679 (D. Haw. June 1, 2011); *Kapahu v. BAC Home Loans Servicing, LP*, 2010 WL 2734774 (D. Haw. July 8, 2010).  In addition to Plaintiff's counsel recycling the

same basic complaint, he also raises the same stock arguments against dismissal that this court has already rejected in *Kapahu*, *Rey*, and *Cootey*.

Given the detailed orders this court has already issued as to the claims alleged in this Complaint (although alleged by different plaintiffs in *Kapahu*, *Rey*, and *Cootey*), the court does not yet again simply reiterate the reasoning explained in those orders -- the reasoning applies equally in this case.

In short, Count I, labeled "Violation of Statutory Duties," asserts in conclusory fashion that Defendants violated a laundry list of federal laws including TILA, RESPA, ECOA, and the FCRA. Count I is deficient because it fails to identify what particular conduct Plaintiff asserts violates each of these laws, or even the particular provisions of these laws that Defendants allegedly violated. Even putting aside this deficiency, Plaintiff's TILA claim for rescission is time-barred by the three-year statute of limitations in 15 U.S.C. § 1635(f), which is an absolute statute of repose barring "any [TILA rescission] claims filed more than three years after the consummation of the transaction." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (citations omitted). Plaintiff's TILA claim for damages and RESPA claim are likewise time-barred, and to the extent equitable tolling might apply, Plaintiff has not alleged any facts suggesting that any Defendant prevented Plaintiff from discovering the alleged TILA violation or

caused Plaintiff to allow the filing deadline to pass. *See, e.g.*, *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1112 (9th Cir. 2006). The Complaint also alleges no discernable basis for an ECOA or FCRA violation. In sum, for the reasons explained in *Kapahu*, *Rey*, and *Cootey*, Count I is dismissed with leave to amend, except for Plaintiff's TILA rescission claim, which is dismissed without leave to amend. Because these deficiencies apply to all Defendants, this dismissal is as to all Defendants.

As to Count II and III for fraud and mistake respectively, the allegations of these claims are insufficient to meet Plaintiff's burden under the rigorous requirements of Rule 9 that apply to these claims. *See* Fed. R. Civ. P. 9(b). Instead, these allegations merely give lip service to the basic elements of a fraud and/or mistake claim, and fail to assert "particularized allegations of the circumstances *constituting* fraud" or mistake such as the time, place, and nature of the alleged actions, and how each Defendant participated in the fraud and/or mistake. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547-48. Counts II and III are dismissed as to all Defendants with leave to amend.

As to Count IV, "unconscionability" is generally a defense to the enforcement of a contract and is not a proper claim for affirmative relief. Further, to the extent unconscionability can be addressed affirmatively as part of a different

-- that is, independent -- cause of action, such a claim "is asserted to prevent the enforcement of a contract whose *terms* are unconscionable." *Skaggs v. HSBC Bank USA, N.A.*, 2010 WL 5390127, at *3 (D. Haw. Dec. 22, 2010) (emphasis in original). The Complaint fails to challenge any particular term as unconscionable in an affirmative claim where the unconscionable terms may be relevant to that particular claim. Count IV is therefore dismissed as to all Defendants with leave to amend.

As to Count V for unfair and deceptive acts or practices, it is wholly conclusory, not even paying lip service to the general elements of a claim for violation of Hawaii Revised Statutes ("HRS") § 480-13. *See Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc.*, 113 Haw. 77, 113-14, 148 P.3d 1179, 1215-16 (2006). Further, where a Chapter 480 claim is based on fraudulent acts, a plaintiff must plead such claim with particularity. *See Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1232-33 (D. Haw. 2010). As pled, it appears that at least some of Plaintiff's allegations in support of her Chapter 480 claim sound in fraud, yet none of them meets the Rule 9(b) standard. Count V is therefore dismissed as to all Defendants with leave to amend.

Count VI for breach of fiduciary duty fails because in general, the borrower-lender relationship is not fiduciary in nature. *See McCarty v. GCP*

*Mgmt., LLC*, 2010 WL 4812763, at *5 (D. Haw. Nov. 17, 2010) (citing cases). Nothing in the Complaint alleges "special circumstances" that might impose a fiduciary duty in this mortgage-lending situation against Defendants. *See, e.g.*, *Spencer v. DHI Mortg. Co.*, 642 F. Supp. 2d 1153, 1161 (E.D. Cal. 2009) ("Absent 'special circumstances' a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender." (citations and quotations omitted)). Count VI is dismissed as to all Defendants with leave to amend.

Count VII, asserting a claim for bad faith, fails because this tort has not been recognized in Hawaii based upon a mortgage loan contract. *See Jou v. Nat'l Interstate Ins. Co. of Haw.*, 114 Haw. 122, 129, 157 P.3d 561, 568 (Haw. App. 2007). Further, although commercial contracts for "sale of goods" also contain an obligation of good faith in their performance and enforcement, this obligation does not create an independent cause of action. *See Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.*, 459 F. Supp. 2d 1028, 1037-38 (D. Haw. 2006). Rather, there must be a special relationship "characterized by elements of fiduciary responsibility, public interest, and adhesion." *Id.* at 1037 (quoting *Francis v. Lee Enters.*, 89 Haw. 234, 238, 971 P.2d 707, 711 (1999)). Finally, even assuming a bad faith tort exists outside the insurance context, it is well-settled that "[a] party cannot breach the covenant of good faith and fair dealing before a

contract is formed." *Contreras v. Master Fin., Inc.*, 2011 WL 32513, at *3 (D. Nev. Jan. 4, 2011) (citations omitted).  Plaintiff has failed to state a claim for bad faith because the Complaint alleges no special relationship and allegations regarding pre-contract activities cannot be the basis of a claim for bad faith.  Count VII is therefore dismissed as to all Defendants, with leave to amend to state a claim based on post-contract conduct that involves a special relationship.

Count VIII for "injunctive relief" fails -- the court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action.  The court DISMISSES Count VIII as to all Defendants without leave to amend.  If injunctive relief is proper, it will be because Plaintiff met the necessary test for such relief under Rule 65 of the Federal Rules of Civil Procedure -- on an independent cause of action.

Count IX for "Recoupment" fails because the allegations of the Complaint are wholly conclusory and in any event, there does not appear to be any cognizable basis for such claim.  TILA makes recoupment available only as a "defense" in an "action to collect a debt," 15 U.S.C. § 1640(e), and equitable recoupment is a defense, not a claim.  *City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1034 (9th Cir. 2003).  The court therefore DISMISSES Count IX as to all Defendants with leave to amend.

Count X for unjust enrichment is wholly conclusory and insufficient to suggest a claim for relief that is plausible on its face. To bring an unjust enrichment claim, a plaintiff must prove two elements: "(a) receipt of a benefit without adequate legal basis by Defendants; and (b) unjust retention of that benefit at the expense of Plaintiffs," *Porter v. Hu*, 116 Haw. 42, 53, 169 P.3d 994, 1005 (Haw. App. 2007) (citing *Small v. Badenhop*, 67 Haw. 626, 636, 701 P.2d 647, 654 (1985)), but the Complaint makes wholly unclear what benefits Defendants received without adequate legal basis. The court therefore DISMISSES Count X of the Complaint as to all Defendants with leave to amend.

Count XI asserts claim for NIED and/or IIED, but the Complaint fails to sufficiently identify Defendants' conduct that supports this claim -- the allegations are simply too generalized and lacking in clarity to satisfy the requirements of Rule 8. Further, as explained above as to Plaintiff's other claims, Plaintiff has failed to adequately allege any legally cognizable duty that Defendants may have to Plaintiff. The court DISMISSES Count XI as to all Defendants with leave to amend.

///

///

///

## V. CONCLUSION

Based on the above, the court GRANTS Defendants' Motion to Dismiss. If she so chooses, Plaintiff may file an amended complaint asserting claims against Defendants for all counts above except for a TILA rescission claim and injunctive relief, by August 22, 2011. Failure to file an amended complaint by August 22, 2011 will result in dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 29, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Chun v. Accredited Home Lenders, Inc., et al.*, Civ. No. 11-00179 JMS/RLP, Order (1) Granting Defendant Beneficial Financial I Inc.'s Motion to Dismiss; (2) Dismissing Other Claims; and (3) Granting Leave to Amend